United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORMA L MARTINEZ-DE LEON, et al.,

Plaintiffs,

v.

MARCO RUBIO, et al.,

Defendants.

Case No. 26-cv-06406-KAW

**ORDER RE 10/26/2026 DISCOVERY LETTER**

Re: Dkt. No. 14

Plaintiffs filed this action, asserting unreasonable delay in the adjudication of an immigrant visa application under the Administrative Procedures Act ("APA) and Mandamus Act. (Compl. ¶ 1, Dkt. No. 1.) On October 26, 2026, the parties filed a joint discovery letter concerning Plaintiffs' request for discovery as to *TRAC* factors one and four prior to the anticipated filing of Defendants' motion for summary judgment. (Discovery Letter, Dkt. No. 14.)

The Court DENIES Plaintiffs' request for discovery. Plaintiffs cite no authority that has permitted the requested discovery, nor do they provide any case-specific reason for why the requested discovery is likely to yield material facts that could affect a summary judgment motion. Instead, Plaintiffs identify four categories of documents and make the conclusory assertion that these categories are material to *TRAC* factors one and four. (Discovery Letter at 3.) This is not sufficient. *See Sheiner v. Mayorkas*, No. 22-cv-04871-SVK, 2023 U.S. Dist. LEXIS 90174, at *40 (N.D. Cal. Apr. 14, 2023) ("enumerating items on their discovery 'wish list' in their motion does not demonstrate that such evidence is relevant or that Plaintiffs are unable to present facts essential to justify their opposition regarding the effect of expediting delayed action under the fourth *TRAC* factor").

The Court further observes that it has found no case which allowed discovery prior to a

summary judgment motion in a case alleging unreasonable delay in the adjudication of a visa. Rather, courts have explained that "immigration mandamus plaintiffs are not entitled to discovery as a matter of course but may obtain discovery if they establish that it is necessary under the standards that govern Rule 56(d)." *Munoz-Barba v. Mayorkas*, No. 23-cv-03675-JCS, 2024 U.S. Dist. LEXIS 98299, at *31 (N.D. Cal. June 3, 2024). Notably, courts have generally refused discovery even after a motion for summary judgment was filed, particularly in the absence of any information about "how such discovery could be helpful to the Court, or its evaluation of delay as to any specific petitioner, especially where issues of law resolve the case." *Pham v. Scott*, 787 F. Supp. 3d 1124, 1138 (S.D. Cal. 2025); *see also Bozchalooi v. United States Dep't of State*, No. 2:25-cv-02983-DJC-SCR, 2026 U.S. Dist. LEXIS 85065, at *13 (E.D. Cal. Apr. 16, 2026) ("District courts in this circuit routinely decide immigration actions on summary judgment without discovery"); *Kapoor v. Blinken*, No. 21-cv-01961-BLF, 2022 U.S. Dist. LEXIS 10751, at *18 (N.D. Cal. Jan. 20, 2022) ("None of the cases addressing delay in processing immigrant visa applications suggest that the type of granular detail Plaintiffs request is necessary or appropriate for a rule of reason inquiry under the first *TRAC* factor").

Moreover, as Defendants point out, this is primarily an APA claim to compel agency action that has been unreasonably delayed. (Discovery Letter at 5.) Courts have found, in visa cases, that such claims "do[] not permit the broad, speculative discovery that Plaintiffs seek." *Pham*, 787 F. Supp. 3d at 1138.

This order disposes of Dkt. No. 14.

IT IS SO ORDERED.

Dated: November 10, 2026

KANDIS A. WESTMORE
United States Magistrate Judge